Per Curiam.

The court improperly limited the plaintiff to a theory of recovery not contained in the pleadings, nor urged at the trial, by charging the jury that plaintiff was not entitled to a recovery if the door that struck her had been opened by someone other than an agent or employee of defendant, unless the door itself was defective in its construction and operation. The error was repeated when in answer to the jury’s request for a clarification of that portion of the charge the court said: “My charge was, as I recall it, and my charge is now that if that door was caused to swing by somebody other than an agent or employee of the church, that the church would not be responsible unless the *797 door itself was defectively built and defectively operated, so that no matter who operated it it was still a defective and improper door.”
The claimed negligence of the defendant was the creation and maintenance of a dangerous condition and not the maintenance of a defective door. If a dangerous condition did in fact exist, the identity of the person who opened the door would be immaterial.
One of the important factual issues in the ease was whether the construction and maintenance of solid wooden outside doors, which when closed afforded no means of ascertaining whether anyone was on the other side, opening outward from a seven-inch step so as to extend some distance over a wide platform step immediately below them, constituted a dangerous condition, in that it placed persons using the platform step in apparent safety, in a position to be injured by the unexpected outward swing of the doors. The determination of that issue was exclusively within the province of the jury (Anderson v. Christ Church of Bay Ridge, 245 App. Div. 814). The effect of the court’s charge was to take that important issue from them.
It is true that one of the principal issues presented to the jury for decision was the place of the happening of the accident, defendant adducing proof by way of claimed admissions of plaintiff that it happened inside the building and not on the outside step or platform. Plaintiff must prove the negligence as charged. If the accident did happen inside the building and not on the outside platform, plaintiff could not recover. Accordingly, defendant contends that the jury resolved that issue in its favor and that the verdict should not be disturbed. But the difficulty with this contention on this record is that the jury’s verdict in defendant’s favor was a general verdict and we may not say that the verdict was based solely on a finding that the accident did not happen on the step as claimed by plaintiff.
As a consequence the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Peek, P. J., Glennon, Dore and Cohn, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.